```
                          FILED
                 CLERK, U.S. DISTRICT COURT

                       FEB 27 2008

                 CENTRAL DISTRICT OF CALIFORNIA
                 BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ETTA M. COLLIER,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No. CV 06-1022 JFW (AJW)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, the attached Report and Recommendation of Magistrate Judge ("Report"), and the objections thereto. Good cause appearing, the Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a *de novo* determination of the portions to which objections were directed.

**IT IS SO ORDERED.**

DATED: 2/26/08

JOHN F. WALTER
United States District Judge

```
                                    FILED
                        CLERK, U.S. DISTRICT COURT

                              MAY 21 2007

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ETTA M. COLLIER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. CV 06-1022 JFW (AJW)<br><br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE |

## Proceedings

Plaintiff, proceeding pro se, filed a civil rights complaint on February 21, 2006 against the United States of America (the "United States"), the County of Los Angeles (the "County")(also erroneously sued as "Department of Public Social Services" and "Office of Public Safety"), and individual County employees Mares, Castillo-Knapp, Barnett, Hines, Gallegos and Wolf (the "individual County defendants").[1] [Complaint 1-2]. A motion to dismiss filed by the United States was granted on July 13, 2006, resulting in the dismissal without prejudice of plaintiff's claims against the United States for lack of subject matter

---

[1] This case is related to <u>Collier v. Los Angeles County</u>, CV06-05267 JFW(AJW). The County filed a motion in that case to have plaintiff declared a vexatious litigant in this court. Plaintiff's complaint and supporting exhibits disclose that she was declared a vexatious litigant on June 15, 2004 in state court. [Complaint 14; "Declaration of Etta Collier Together with Exhibits filed Concurrently with Complaint for Damages" filed February 21, 2006, at Ex. D] The County's motion remains under submission.

jurisdiction. A motion to dismiss filed by the County, appearing on behalf of itself alone, was granted in part on February 23, 2007, resulting in the dismissal with prejudice of plaintiff's Thirteenth Amendment claims against all defendants and her 42 U.S.C. § 1985(3) conspiracy claim against the County.

In its status report filed on April 25, 2007, the County pointed out that the individual County defendants have not been served with the summons and complaint and therefore are subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. [County's Status Report 3]. In her status report filed on April 26, 2007, plaintiff stated that "[a]ll parties have been served with process." She did not elaborate. She also said that she did not anticipate adding parties. [Plaintiff's Status Report 3].

**Discussion**

Under the Federal Rules of Civil Procedure, plaintiff has the burden to establish that she effected timely service of the summons and complaint process in compliance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) ...."). If service has not been made upon a defendant within 120 days of the date the complaint was filed, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court has discretion "to relieve a plaintiff of the consequences of an application of [Rule 4(m)]" even without a showing of good cause, considering, for example, whether the statute of limitations would bar the refiled action, whether the defendant is evading service, or whether a pro se litigant is confused about the requirements of service. See Advisory Committee Notes to the 1993 Amendments to Rule 4(m) foll. Fed. R. Civ. P. 4; see also Mann v. American Airlines, 324 F.3d 1088, 1090-1091 (9th Cir. 2003) (explaining that the district court has discretion to extend the 120-day period prescribed by Rule 4(m) even absent a showing of good cause). Absent service of process in compliance with the federal rules, or an appearance by a defendant, the court lacks personal jurisdiction over that defendant. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982).

Plaintiff filed her complaint on February 21, 2006; thus, she had until June 21, 2006 in which to effect service of the summons and complaint in compliance with Rule 4(m)'s 120-day time limit. About

1  fifteen months have passed since the complaint was filed. In that time, plaintiff has filed proofs of service
2  upon the Attorney General of the United States (on February 28, 2006) and upon the United States of
3  America (on March 28, 2006). The United States also appeared in this case by filing a motion to dismiss
4  on April 11, 2006.

5  Plaintiff also filed a proof of service on March 28, 2006 that does not identify the party served or
6  upon whom service was attempted. That proof of service states that service was executed upon a person
7  identified as "Executive Officer, agent or designated agent" Doris Williams Rowe at 500 West Temple St.,
8  Room 383, Los Angeles, California 90012. Although that proof of service does not disclose the identity
9  of the party on whom service was effected or attempted by serving Ms. Rowe, the County's Kenneth Hahn
10 Hall of Administration is located at that address, suggesting that plaintiff served or attempted to serve the
11 County at that address. In any event, the County has appeared in this case on behalf of itself alone.

12 Plaintiff represented in her status report that all parties have been served, and she raised no concerns
13 regarding service of process. She has not filed any proof of service as to any individual County defendant,
14 and no individual County defendant has entered an appearance. Since plaintiff is a prolific pro se litigant
15 who is familiar with the requirements of service of process and filing a proof of service, her pro se status
16 provides no basis for extending the already lengthy time plaintiff has received in which to effect service of
17 process.

18 In addition, plaintiff has drafted her "causes of action" primarily against the United States and the
19 County. [See Complaint 18-24]. The complaint is silent as to whether the individual County defendants are
20 sued in their individual or official capacities. Because the County is a named defendant and already is a
21 party, any claims against the individual County defendants in their official capacity are subsumed in
22 plaintiff's claims against the County. See Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir.)(explaining that
23 a suit against a governmental officer in his official capacity is equivalent to a suit against the governmental
24 entity itself), cert. denied, 534 U.S. 1066 (2001).

25 The only surviving "cause of action" in plaintiff's complaint which is explicitly denominated as a
26 claim for damages against the individual County defendants is her conspiracy claim under 42 U.S.C. §
27 1985(3). [Complaint 21-22]. That claim already has been dismissed with prejudice as to the County, and
28

3

some of the same defects apply to that claim against the individual County defendants. In short, the complaint itself suggests no reason to delay dismissal under Rule 4(m).

Plaintiff has not effected service of the summons and complaint upon the individual County defendants during the fifteen months since the complaint was filed. Accordingly, the complaint should be dismissed without prejudice as the individual County defendants under Rule 4(m) for failure to effect timely service of process.

### Recommendation

For the reasons stated above, plaintiff's complaint should be dismissed without prejudice as to individual County defendants Mares, Castillo-Knapp, Barnett, Hines, Gallegos and Wolf.

DATED: 5.18 , 2007

ANDREW J. WISTRICH
United States Magistrate Judge

4